## Frazier v. Frazier.

December 20, 1946.

W. H. Lewis for appellant.

Lewis E. Harvie and Harry L. Moore for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

In this opinion the parties will be referred to as they appeared in the lower court. The plaintiff, S. T. Frazier, instituted this action against his brother, Drew Frazier, to quiet title to a tract of land located on Kingdomcome Creek in Letcher County, which is described by metes and bounds in the petition, but the number of acres is not given. Defendant denied plaintiff's title and asserted title in himself by adverse possession. He further pleaded that the deed under which plaintiff claims title is void under KRS 372.070 (the Champerty Statute) since defendant was in adverse possession of the land at the time plaintiff accepted a deed to it.

After hearing proof taken by depositions, the chancellor adjudged plaintiff to be the owner of the land and quieted his title against defendant's claim, and the latter appeals.

The parties are not in disagreement as to the law and their controversy is solely one of fact. Defendant testified that his older brother, James H. Frazier, had been indicted for murder in 1918 and was sorely in need of funds to defend the charge. That in consideration of James agreeing to convey to him the surface of the land now in controversy, he permitted James to sell the mineral under some land defendant owned when James sold the minerals under his own land. That under this agreement made with James, defendant entered on the land in 1918 and held the surface as his own, but James never made him a deed thereto. Defendant testified that he fenced, cleared, pastured and cultivated this land as his own and he has thus held and continuously been in the adverse possession of it since 1918.

Defendant further testified that prior to 1937 he built a three room box-house, a small stable and other out-buildings on the land, which were occupied by his daughter and her husband, Dewey Shepherd, as his tenant; that Shepherd farmed the land and had control and possession of the entire tract at the time James sold and conveyed it on December 17, 1937, to another brother, the plaintiff, for a consideration of $450. It is insisted by defendant that he was in the actual adverse possession of this land by his son-in-law as tenant when plaintiff accepted a deed to it, therefore the deed is champertous and void under KRS 372.070.

Plaintiff's proof is to the effect that defendant's occupancy and use of the land was not adverse but with his permission; that defendant, who owned and lived on a farm adjoining this land, was managing it for plaintiff. The taxes were paid by plaintiff all through the years. On May 15, 1936, he executed a deed selling 552 white oak trees to Chickasaw Wood Products Company for $2208, and defendant pointed out the boundary lines to N. G. Sawyer, the purchaser's agent.

Defendant did not deny the sale of this timber by plaintiff or that he showed the purchaser the boundary lines, but explained that he permitted plaintiff to make this timber sale because plaintiff was hard up and had paid the taxes on the land.

In 1935 or 1936, James heard that defendant's son-in-law, Dewey Shepherd, was asserting some adverse

claim to the land. To protect his title, James drew up a written lease whereby he rented the land to Shepherd for $2 per month, and defendant took the lease and had Shepherd sign it. This evidence shows conclusively that Shepherd was occupying the land as the tenant of James and not as the tenant of defendant. Therefore, at the time James conveyed the land to plaintiff, James was in possession of it through his tenant, Shepherd, who held under a written lease with James. Hence, it cannot be said with reason that the deed James executed to plaintiff was champertous under KRS 372.070.

The evidence fully sustains the chancellor's finding that defendant did not hold the land adversely to his brother, James, and it further sustains his holding that the land was not held adversely by Shepherd when James conveyed it to plaintiff. Therefore, the chancellor's judgment that the plaintiff is the owner of the surface of the land and quieting his title thereto against the defendant is affirmed.